The Northern District of New York

| | |
|---|---|
| Anthony Skinner 22788-055 | 42 U.S.C § 1983 motion |
| Petitioner, | |
| | Motion for Civil rights violation, |
| V. | Constitutional rights violation, |
| FCI Ray Brook, Officers | refusal of Administrative remedies, |
| Powers and poyer  Respondants | Creation of hostile work enviroment, |
| | mental anguish and court fees |

## Arguements

Now before the court comes the Movant Anthony Skinner 22788-055 with claims against F.C.I Ray Brook for numerous violations of civil and Constitutional rights, refusal of the Administrative remedies, creation of a hostile work enviroment, mental anguish and court fees. These claims arise from F.C.I Ray Brook's S.H.U (Special Housing Unit) and Officers stationed there.

- On January 26, 2021 the movant was placed in S.H.U for non-punitive reasons

- While housed in the S.H.U the inmate was subject to numerous violations of his Civil and Constitutional rights. Such as refusal of recreation, abusive and abrasive language, refusal of information from outside news sources or outlets, refusal of possessing personal photos and refusal

of administrative remedy forms and process. Refusal of mental health.

- On February 4, 2021 while asking property officer Poyer when I would receive my property. He responded with abusive, abrasive, vulgar language and telling me in no uncertain terms that if I "continued to bother him about it, he was sure it would be lost". This among other things which will be addressed create a hostile work enviroment as the inmate suffers from O.D.D and P.T.S.D from violent and bad expriences with Correctional officers. I still've not received my property

- Another form of the hostile work enviroment created by the respondants, which also fall in the category of cruel and unusual punishment. Are the handling of the photographs in the S.H.U. B.O.P program Statement 541.31(H)(1)(3) states that "an inmate in administrative detention may have up to 25 photo in their possession while housed in S.H.U" these are to be keep in inmates cell to view at their leisure. While it also states "the warden may change the quanity, if any item is deemed a threat to the security, fire safety or housekeeping of the S.H.U". Photos do not meet such requirement as they have to be approved by the mailroom before they are allowed further into the facility, the also may be kept it an envelope in a cubbyhole for storage and as there are no items to create fire with they are not a hazard.

- The photos are sent to the S.H.U via mailbag from the Mailroom in the original envelope they were received in. Once they get to the S.H.U an officer, then places them in a seperate envelope and slide them under the property officer's door. The property officer (Poyer) brings them to you one time to view for three(3) to five(5) minutes, he then tells you to give them back and you will see them again when you leave the S.H.U. At no time are you notified you received photos until officer poyer brings them to you, this can be seven(7) days from the time they arrived at the facility.

- This process can ~~feel~~ create stress, which can led to anxiety and depression, which can then led to epileptic seizures and in some case suicide. This clearly shows a trait of cruel and unusual punishment, if there is a doubt that this into consideration. Historians have regularly reported and documented that P.O.W's (prisoners of war) in World War II were allowed to keep photographs in their possession while in concentration camps. I have also seen photos of my great-grandmother that my great-grandfather had in his possession when he was killed in such a camp.

- As this not only meets the guidelines set forth by the Supreme Court in Scher v. Elhekle, "The right to be free harrassment", it also shows mental anguish that can led to physical deterition.

- An inmate has a right to (1) one hour of open air recreation at least (5) five days a week unless it is deemed a security risk because of inclimate weather.

- On February 22, 2021 after advising Officer Powers that I wished to go to recreation along with (2) two other inmates. Officer Powers advised us to be ready. While waiting for the said Officer to return to began recreation, a different Officer walked past my cell taking inmates to the shower I asked "when are we getting recreation?" to which he replied "Powers said he's not sitting in the cold, so nobody wants to go to rec". This completly violates civil and inmate's rights. This has led to me being in the cell for (72) seventy-two hours straight with a (30) thirty minute shower in between one time.

- The Movant also petitions the court to order all court fees paid by the respondants as he has a little amount of financial income and support, which has become less do to the COVID-19 pandemic. The respondants do not have this problem and can easily afford all court cost and fees.

- On February 17, 2021 I received 15 photographs. Officer Poyer told me I did not receive any he "doesn't know what I'm talking about" I still have not seen the photos.

- On February 23, 2021 while Officer Powers escorted the Movant to recreation he proceeded to say "Listen when I say get ready for recreation it's still up to me if you can go or not. Don't go running to other officers or Lt's that's just going to put you on my bad side". When the Movant stated that "Recreation was a right not a privillage" Officer Powers stated "No, it's not it's a privillage that I can take from you". The Movant then reiterated that "Recreation is a right and can only be taken by the Warden if He/She deems that partaking in recreation is a threat to the safety, security and orderly running of the facility". Officer Powers then said "You must have just come to jail, I worked here for 15 years I know the rules. It's a privillage and you lost all your rights when you came to jail."

- The movant told officer Powers that he would report his actions to which the officer responded "Go ahead let's see who wins this war, you don't want to play that game". While in the shower officers Joseph and Varin conducted a cell search on my room, Officer Powers then conducted a search 10 to 15 minutes after the aforementioned officers. As my cell had already been searched and Officer Powers did not search anyone else's cell after it had already been searched this is a clear indication of retaliation and harrassment. Which the Supreme Court ruled I have a right to be free from in Scher v Elhekle.

## Conclusion

- The movant has shown a clear and ~~concise~~ concise violation of rights, mistreatment and danger to his health which not only affords him the right to file an emergency petition but also the foregoing of the administrative remedies he has been denied access to. The movant ask to be awarded $24,750 dollars for court fees, damages and relief.

- As the court so has the power to do, the movant ask that his petition be granted in full.

I swear under the penalty of perjury that all above and afore stated is true and accurate to the best of my knowledge.

X. Anthony Skinner

Dated: 2/24/21                           Signed: Anthony Skinner